RECEIVED
JAN 20 2023
DEBORAH S. HUNT, Clerk

United States Court of Appeals
For The Sixth Circuit

United States of America,

    Plaintiff-Appellee,

V.

Eric A. Zeuely,

    Defendant-Appellant,

Appeal No. 22-3847

---

Defendant-Appellant's Reply
To Plaintiff-Appellee's Motion To
Dismiss with Reasons and
Matters of Law To Reject
Said Motion To Dismiss

---

    To begin, plaintiff-appellee ("the Government"), in its motion to dismiss, pointed out that the notice of appeal, in this case, "was dated September 28, 2022." Doc. 11, p. 2.

    As can be verified, by the Government, and the Clerk of this Court, on September 15, 2022, an inmate physically assaulted a correctional staff member forcing an institutional lock-down, thus all inmates remained locked-down in their cells, until October 4, 2022. Showers were provided every three (3) days, and meals were brought to the inmates in their cells, with no access to programs, or the education department to make legal copies on the inmate-access copier therein.

    On September 28, 2022, however, defendant was able to con-

-1-

vince a unit staff member to provide defendant with the copies of the Notice of Appeal, on the unit staff copier, to submit to the district court, which was still within the thirty (30) day limit allowed by the applicable Rules of this Court, and in accord with this court's opinion, writing:

> "A Notice of appeal [in a Title 18 U.S.C. §3582(c)(1)(A) motion] filed by a criminal defendant after the 14-day deadline set forth in Rule 4(b), but before the expiration of the 30-day period for seeking an extension pursuant to that rule, is to be treated as a request for an extension of time to file an appeal...
>
> "Because Oliver's notice of appeal was filed after the 14-day appeal period but within the 30-day period for possible extension pursuant to Rule 4(b)(4), we REMAND the case to the district court for the limited purpose of allowing the court to determine whether Oliver, can show excusable neglect or good cause warranting an extension of the appeal period. After this limited remand, the record, as supplemented will be returned to this court for further consideration. We defer ruling on the government's motion to dismiss pending the limited remand."

United States v. Oliver, 2022 U.S. App. LEXIS 28788, at \*\* 2-3 (6th Cir. Oct. 17, 2022)(citation omitted).

Accord, United States v. Abdul-Rahman, 2022 U.S. App. LEXIS 1885 (6th Cir. Jan. 21, 2022).

Two cases in this Circuit illustrate the correctness of dismissing appeals, in 18 U.S.C. §3582(c)(1)(A) motions, where this Court, in one case, found: "a notice of appeal filed within this additional 30-day period should be treated as a request for an extension of time... This extension is not applicable to Silvers, however, because the additional period ended on November 7, 2021, five months before his current notice of appeal was filed." United States v. Silvers,

-2-

2022 U.S. App. LEXIS 18794, *2 (6th Cir. July 7, 2022)(citation omitted).

In the other 18 U.S.C. § 3582(c)(1)(A) case, this Court wrote:

> "In a criminal case, the defendant must file the notice of appeal in the district court no later than fourteen days after the challenged order is entered. Fed. R. App. 4(b)(1)(A). Section 3582(c) motions are considered continuations of the criminal proceedings, and therefore the fourteen-day period for filing a notice of appeal applies...."
>
> "Here, the district court entered its order denying the motion for compassionate release on July 2, 2020. The fourteen-day period for filing a notice of appeal expired on July 16, 2020. A motion to reconsider the July 2 order was filed in the district court on April 9, 2021. But this untimely motion for reconsideration did not toll the time to appeal the district court's July 2 order.... On September 23, 2021, the district court docketed Robinson's notice of appeal.
>
> "... Because Robinson did not file a timely notice of appeal, we DISMISS this appeal."

United States v. Robinson, 2022 U.S. App. LEXIS 3290, ** 1-2 (6th Cir. Feb. 4, 2022)(citations omitted).

Applicable to this case, the Rules provide:

> "Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Fed. R. App. Proc. (b)(4).

An institutional lock-down, beyond defendant's control, constitutes "good cause" to allow an extension of time, "with or without motion and notice," of "30 days from the expiration of the time otherwise prescribed by... Rule 4(b)" of 14 days, which would be a total of 44 days from the district court's denial of the motion for reconsideration, considered filed on August 19, 2022, of the §3582(c) mo-

-3-

tion for compassionate release denied on July 26, 2022.

This Court is requested to take judicial notice of the existing record in this § 3582(c) motion below, where in the Fed. R. Civ. P. for reconsideration of the district court's denial of the § 3582(c) motion, mailed to the court below on August 19, 2022, contained a request for said court to convert the Rule 59(e) to a Rule 60(b)(6), if the motion is received outside the 28-day period for a Rule 59(e) motion.

This Court, in a purported Rule 59(e) motion case, in a criminal matter, observed:

> "A timely Rule 59(e) motion, in turn, would have tolled the deadline for Phillips to file his notice of appeal until 30 days after the court denied his motion for reconsideration. Phillips filed his notice of appeal the same day the court denied his motion for reconsideration, so his notice of appeal was arguably timely.
> ... in the Eastern District of Michigan, motions for reconsideration are not interchangeable with Rule 59(e) motions as they may be elsewhere. ... But a reasonable jurist could conclude that a motion for reconsideration that failed to comply with the local rules should have, at least, tolled the time for filing an appeal until 30 days after the district court denied the motion."

Phillips v. United States, 2022 U.S. App. LEXIS 484, ** 5-6 (6th Cir. Jan. 6, 2022)(citations omitted).

In context of a federal criminal case, it has been found:

> "A district court reviews motions for reconsideration under the same standards as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. ... "Motions for reconsideration are limited in purpose to correcting errors of law or to present newly discovered evidence." ... Given their limited purpose, '[m]otions for reconsideration are extraordinary in nature and so should only be granted sparingly.' ..."

-4-

United States v. Crawford, 2022 U.S. Dist. LEXIS, **3-4 (E.D. Ky. Mar. 16, 2022) (citations omitted).

"As a general rule, motions for reconsideration are not favored unless the movant demonstrates: '(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority.'..." Gazaway v. Warden, 2022 U.S. Dist. LEXIS, *1 (S.D. Ohio, July 8, 2022) (citations omitted).

In United States v. Sanders, this Court observed:

> "Section 3582(c)(1)(A) authorizes the district court to reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the §3553(a) factors, to the extent that they apply, support the reduction... The district court denied Sanders's motion because he had failed to establish extraordinary and compelling reasons for a sentence reduction. When considering a defendant-filed motion under §3582(c)(1)(A), the district court has, "discretion to define 'extraordinary and compelling' on [its] own initiative."..."

Id., 2022 U.S. App. LEXIS 1291, **4-5 (6th Cir. Jan. 18, 2022) (citations omitted).

Contrary to the Government's assertion, that the motion for reconsideration was filed on August 26, 2022, defendant submitted said motion on August 19, 2022, and is considered filed on that date, where "a defendant incarcerated in a federal prison and acting without the aid of counsel," and "he delivers" such documents "to the prison authorities for forwarding to the clerk of the District Court[,]... the jailer is in effect the clerk of the District Court within the meaning of" the Rule. Houston v. Lack, 487 U.S. 266, 270 (1988).

-5-

Applying Houston, supra, to the Rule 59(e) motion, which provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," Rule 59(e), Fed. R. Civ. P., the date of the mailing, August 19, 2022, was within the 28-day period, since the Rule does not say it must be "received" by the clerk no later than 28 days, otherwise the Rule would have been drafted in such manner. Thus, the denial of the §3582(c)(1)(A) motion, on July 26, 2022, and the "filing" of the Rule 59(e) motion, under Houston, supra, on August 19, 2022, was only 24-days, and was within the 28-day window of Rule 59(e).

The same Supreme Court principle announced in Houston applies in on appeal, and Rule 4(b)(4), which provides:

> "Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Rule 4(b)(4), Fed. R. App. Proc.

"Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." Nicholson v. City of Warren, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). See, also, United States v. Harris, 2022 U.S. Dist. LEXIS 59852, *2 (W.D. Tenn. March 21, 2022) (same) (citations omitted).

Compare, e.g., United States v. Abdul-Rahman, where this Court observed:

> "Here, the district court entered its order denying the motion

for compassionate release on November 2, 2021. The time for filing a notice of appeal expired on November 16, 2021. Abdul-Rahman's notice of appeal, dated December 2, 2021 and postmarked December 3, 2021, was filed in the district court on December 6, 2021. ...

"A notice of appeal filed by a criminal defendant after the fourteen-day deadline set forth in Rule 4(b), but before the thirty-day period for seeking an extension pursuant to that rule, is treated as a request for an extension of time to file an appeal. ... Here the thirty day period of obtaining an extension pursuant to Rule 4(b)(4) expired on December 16, 2021.

"Abdul-Rahman's notice of appeal was filed after the fourteen-day appeal period but within the thirty-day period for possible extension pursuant to Rule 4(b)(4)."

Id., 2022 U.S. App. LEXIS 1885, **1-3 (6th Cir. 2022) (citation omitted).

Thus, from November 2, 2021, to December 2, 2021, the date, under the Supreme Court's ruling in Houston v. Lack, supra, only thirty days had passed and did not, in fact, require a remand "to the district for the limited purpose of allowing the court to determine whether Abdul-Rahman can show excusable neglect or good cause warranting an extension of the appeal period," if the Rule, construed as drafted, permits this Court to construe the within 44-day appeal period filing as a request for such extension.

And in this case, this Court can have verified the assertion that the institution was on lock-down status due to assault of a staff member, from September 15, 2022, to October 4, 2022, and satisfies the "good cause standard" that "applies in situations in which there is no fault - excusable or otherwise," Harris, supra, at *2 (citing Fed. R. App. P. 4, advisory committee notes (2002 Amendments)); "see also United States v. Jeffrey, Case No. 13-14-cr-20427-1, 2021 U.S. Dist. LEXIS 197759, 2021 WL 4804685, at *2 (E.D. Mich. Oct. 14, 2021)." Ibid.

-7-

Another factor that must be considered, and be judicially noticed, is that the arguments raised in the §3582(c)(1)(A) motion, all supported by Supreme Court case law, which constitutes the law of the land all lower courts, including this Court, is that constitutional Article III courts, such as the Court below, are incapable of being vested with "judicial power," which is jurisdiction, over "criminal" cases, under the totality of the circumstances below, and has been settled since Chief Justice Marshall, in Cohens v. Virginia, 6 Wheat. 264 (1821), in declaring the limits of Article III, §2, announced: "Had any doubt existed with respect to the just construction of this part of the section, that doubt would have been removed by the enumeration of those cases the jurisdiction of the federal courts is extended in consequence of the character of the parties." Id., 6 Wheat, at 383.

Cf., also, Williams v. United States, 289 U.S. 553 (1933), the Court directing attention to Article III, §2, that the "judicial power" applies only to "controversies ... to which the United States shall be a party," Id., at 572, where "[s]uch a meaning is fairly implied by the text, since otherwise the purported restriction upon the judicial power would scarcely be a restriction at all. Every criminal investigation conducted by the Executive is a "case," ..." but "[t]ese are not, however, the sort of cases ... that Article III, §2 refers to," Steel Co. v. Citizens for a Better Envn't, 523 U.S. 89, 102 (1998).

The bottom line is that, with "trial judges ... presumed to know the law," Walton v. Arizona, 497 U.S. 639, 653 (1990), and like the pro-

-8-

secuting "Attorneys are trained in the law and equipped with the tools to interpret and apply legal principles, understand constitutional limits, and exercise legal judgment," Connick v. Thompson, 563 U.S. 51, 179 L.Ed.2d 417, 429 (2011), "have a special "duty to seek justice, not merely to convict," Id., at p. 430, which, under the ABA Model Rules of Prof. Conduct, and "who violates his or her ethical obligations is subject to professional discipline, including sanctions, suspension, and disbarment," Ibid.

With such knowledge in the hands of the lower courts judge, and sits in a case, such as the one sub judice, it is constitutionally precluded, the Court, quoting Chief Justice Marshall, admonished: "For example: "We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is given. The one or the other would be treason to the Constitution."..." New Orleans Pub. Serv. v. New Orleans, 491 U.S. 350, 358 (1989) (citation omitted).

The pro se Memorandum In Support of the Appellant's Brief in this Appeal, and the Motion for Reconsideration more than demonstrates defendant is entitled to reversal of the underlying conviction, by this Court, and Remand for dismissal of the indictment with prejudice, where "to perform its high function in the best way[,] 'justice must satisfy the appearance of justice,'" In re Murchison, 349 U.S. 133, 136 (1955) (citation omitted), otherwise, "[I]n this context justice delayed may well be justice denied." Arnett v. Kennedy, 416 U.S. 134, 221 (1974) (Marshall, J., with whom Douglas, and Brennan, JJ., concur, dissenting).

This appeal is ripe for decision on the merits.

-9-

Dated: January 17, 2023.

Respectfully submitted,

*Eric* [signature]
_____
Eric A. Zevely, # 77764-061
Appellant pro se
Federal Correctional Institution – Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

## Certificate of Service

Under penalty of perjury, I certify that a copy of this Reply to the Government's motion to Dismiss has been served, by first class mail, with postage prepaid, on this 17th day of January, 2023, on:

Alexis J. Zouhary
Assistant U.S. Attorney
221 East Fourth Street, #400
Cincinnati, OH 45202

[signature]
_____
Eric A. Zevely, Appellant pro se

Beverly # 77764-061
Correctional Institution-Hazelton
50000
Bruceton Mills, WV 26525



Office of the Clerk
United States Court of Appeals
100 E. Fifth Street, Room 540
Cincinnati, OH 45202-3988

Legal Mail

RECEIVED
JAN 20 2023
DEBORAH S. HUNT, Clerk

PITTSBURGH PA 150
18 JAN 2023 PM 3 L